IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

GEORGE PIRO, *et al.*,

        Plaintiffs,

                                                              **Case No. 07-CV-1954**

vs

**KRAFT FOODS GLOBAL, INC,**
*et al.*,

        Defendants.

### MEMORANDUM IN SUPPORT OF MOTION TO INTERVENE

        Come now Applicants Gerald George, Cathy Dunn, Timothy Streff, and Andrew Swanson ("Applicants" or the "*George* Plaintiffs") by counsel and pursuant to Rule 24(b)(2) of the Federal Rules of Civil Procedure, and file this Memorandum in Support of their Motion to Intervene.

### BACKGROUND

        On October 16, 2006, Applicants filed an action against Defendant Kraft Foods Global Inc. (the "Kraft Plan") in the Southern District of Illinois, which was subsequently transferred to the Northern District of Illinois on March 16, 2007.  (Complaint, *George v. Kraft Foods Global, Inc.,* No. 1:07-CV-01713 (N.D. Ill.) (Docket Sheet No. 1, 44)).  In *George*, the Applicants claim that the Defendants violated ERISA by breaching the fiduciary duties owed to the Plan, its participants, and beneficiaries (*George* Complaint ¶¶ 101-106).  The *George* plaintiffs brought suit not only on their own behalf, but also on behalf of all similarly situated Thrift Plan participants and their beneficiaries. (*George* Complaint, ¶¶ 10, 12-16).

1

Meanwhile, on April 9, 2007, George Piro and Sandra Baldi filed a copycat lawsuit in the Northern District of Illinois. The *Piro* suit is virtually a carbon copy of the *George* suit, with only the plaintiffs' names changed and a few paragraphs omitted.

Because *Piro* simply repeats the allegations of *George*, it is, and should be treated as, a duplicate. Because *George* has been pending longer and is much more developed, and because there are no special circumstances that favor moving *Piro* forward along the same track already worn by *George*, this copycat suit should be stayed. The Applicants have filed the present Motion to Intervene for the limited purpose of filing a Motion to Stay based on this principle.

## ARGUMENT

Upon a timely application, Rule 24(b)(2) allows intervention when the proposed intervenor's claim has a question of law or fact in common with the action in which he or she seeks to intervene and where no undue delay or prejudice will result to the existing parties. Because the instant lawsuit is a copycat of the first-filed *George* action, Applicants easily satisfy Rule 24(b)'s prerequisites.

As noted above, *George* and *Piro* bring exactly the same claims against exactly the same defendant. (*Compare George* Complaint, ¶¶ 10, 11, 17, 18, 19, 20-23, 25, 26 *with Piro* Complaint, ¶¶ 5-9, 11, 12-14, 17, 18 , 20, 22, 34-39, 43, 45, 47-50). The class that plaintiffs Piro and Baldi purport to represent is the same as the proposed *George* class. (*Compare George* Complaint, ¶¶ 10, 12-16 *with Piro* Complaint, ¶5.) The instant suit thus clearly shares a question of law and fact in common with *George*. *See Jessup v.*

*Luther*, 227 F.3d 993, 998-99 (7th Cir. 2000) (allowing permissive intervention for limited purpose).

Intervention is also timely and will not prejudice or delay the rights of the existing parties. *See* Fed. R. Civ. P. 24(b)(2). This suit is in its infancy. Nothing of significance has occurred except for the filing of the copycat complaint. A grant of intervention at this stage will not slow down litigation which is barely underway. *Crumble v. Blumthal*, 549 F.2d 462, 469 (7th Cir. 1977) (where brokers sought to intervene shortly after suit was filed, intervention was timely and did not cause undue delay). Indeed, intervention and resolution of the issues set forth in the motion to stay will speed the ultimate disposition of the entire litigation.

As noted above, Applicants seek to intervene only for the purpose of filing the attached Motion to Stay. If granted, the Motion to Stay would of course pause the litigation, but the stay itself would not prejudice any right of the *Piro* parties. In fact, the Defendants will benefit from a stay by avoiding the duplicative litigation of identical issues in two courts in the same federal district. It is clearly not prejudiced by the Applicants' Motion to Intervene or the proposed Motion to Stay.

Nor can Plaintiffs Piro and Baldi properly claim prejudice. They have no legal entitlement to be the head of their own class action suit, especially when their suit is a mere copycat of the first-filed *George*. Although Piro and Baldi duplicated the allegations of *George,* in contravention of the long-standing principles of federal comity and "wise judicial administration" enunciated by the U.S. Supreme Court and this Circuit, because they are members of the proposed plaintiff class in *George,* their rights will be fully vindicated in that action. The issues between the Kraft Plan itself and the

Plan's participants and beneficiaries will be fully engaged in *George,* which is well on the way to resolution, so that Plaintiffs Piro and Baldi will not suffer any prejudice or delay in the adjudication of their rights. *VFD Consulting, Inc. v. 21st Services, 21st Holdings, LLC*, 2005 WL 1115870, * 5 (N.D. Cal., May 11, 2005) (no prejudice to parties where intervention is for limited purpose of determining the intervenor's right to be involved in only one lawsuit).

Allowing intervention for the limited purpose of filing the Motion to Stay will serve the further purpose of "wise judicial administration" by giving this Court the opportunity to abate copycat litigation. As an Illinois federal district court has stated:

> The irrationality of tolerating duplicative litigation in the federal system is all the more pronounced where … two federal judges sitting on the same district court are … devoting scarce judicial resources to the adjudication of the same charges by essentially the same plaintiffs against the same defendants.

*Ridge Gold Standard Liquors, Inc v. Joseph E. Seagram & Sons, Inc.*, 572 F. Supp. 1210, 1213 (N.D. Ill. 1983). This is precisely the situation here – this Court is "devoting scarce judicial resources to the adjudication of the same charges by essentially the same plaintiffs against the same defendants." There is no good reason to allow this to continue.

## CONCLUSION

For these reasons, the Applicants' Motion to Intervene for the limited purpose of filing the attached Motion to Stay and Memorandum in Support of the Motion to Stay should be granted and the Motion to Stay and Memorandum in Support of the Motion to Stay be filed *instanter*.

5

Dated:  May 31, 2007                    Respectfully submitted,

  s/ Elizabeth J. Hubertz
Jerome J. Schlichter
Elizabeth J. Hubertz
ehubertz@uselaws.com
SCHLICHTER, BOGARD & DENTON
100 South 4th Street, Suite 900
St. Louis, MO 63102
Tel:     314-621-6115
Fax:     314-621-7151
Lead Counsel for Plaintiffs

CERTIFICATE OF SERVICE

       This is to certify that on May 31, 2007, a copy of the foregoing Memorandum in Support of Motion to Intervene was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

       /s/ Elizabeth J. Hubertz
       Elizabeth J. Hubertz
       Schlichter, Bogard & Denton
       100 South Fourth Street
       Suite 900
       St. Louis, Missouri 63102
       Phone: (314) 621-6115
       Fax: (314) 621-7151
       E-mail: ehubertz@uselaws.com