**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

GEORGE PINO and SANDRA BALDI, )
Individually and on behalf of all others similarly )
Situated, )     Case No. 07-CV-1954
)
                   Plaintiffs, )
)
    vs )
)
KRAFT FOODS GLOBAL, INC, KRAFT FOODS )
GLOBAL, INC. ADMINISTRATIVE )
COMMITTEE, BENEFITS INVESTMENT )
COMMITTEE, and JIM DOLLIVE, KAREN )
MAY, MARC FIRESTONE, and PAMELA KING, )
All in their capacities as members of the Benefits )
Investment Committee and DOE )
DEFENDANTS 1-10, )
)
                 Defendants. )

**PLAINTIFFS PIRO AND BALDI'S CONSOLIDATED RESPONSE TO**
**PROPOSED INTERVENORS' MOTION TO INTERVENE AND MOTION TO STAY**

There are two class actions that are pending before this Court involving similar ERISA

clams: George v. Kraft Foods Global, Inc., Action No. 1:07-CV-1713 and Pino v. Kraft Foods

Global, Inc., Action No. 1:07-CV-1954.

Plaintiffs in the Piro[1] case have made a motion to consolidate the two cases and to

appoint interim co-lead counsel for plaintiffs -- one firm from each of the cases.

At a conference on May 17, 2007 the Court instructed the plaintiffs' counsel in both cases

to cooperate, work together and discuss with defendants' counsel an appropriate schedule for

discovery and class certification in the cases. The Court set this Thursday, June 7, 2007, as the

_____

[1] In the original complaint, plaintiff Piro's name is incorrectly spelled as "Pino".

deadline for the parties to complete the planning meeting and set June 21, 2007 as the scheduling conference.

On May 25, 2007 counsel for both sets of plaintiffs and for defendants participated in a conference call to discuss scheduling but it quickly became apparent that, despite the Court's direction to cooperate, counsel for the <u>George</u> Plaintiffs would not agree to a schedule involving the <u>Piro</u> case.  <u>See</u> the Declaration of Stephen J. Fearon, Jr. submitted with the <u>Piro</u> Plaintiffs' Motion to Consolidate ("Fearon Decl.") at ¶¶ 5-6.  <u>George's</u> counsel took the unusual position that defendants should agree to separate schedules for the <u>George</u> and <u>Piro</u> cases even though the Court had already directed the parties to cooperate and propose a schedule that would govern the two class actions.  Instead of cooperating, the <u>George</u> Plaintiffs kept repeating their mantra that they alone should be the lead plaintiffs and lead counsel in the case because they filed the first of these cases.

Because the <u>George</u> Plaintiffs refused to follow the Court's instruction to cooperate, the <u>Piro</u> Plaintiffs moved to formally consolidate the actions and appoint co-lead counsel to run the case, hoping that an actual order from the Court would enable the plaintiffs to move beyond their dispute and begin fruitful efforts to agree with defendants on a proposed schedule.  Undeterred, the <u>George</u> Plaintiffs have now countered with a motion to intervene and a motion seeking to stay the <u>Piro</u> case.

The <u>Piro</u> Plaintiffs do not object to the motion to intervene.  In fact, the <u>Piro</u> Plaintiffs already filed a motion seeking to consolidate the two cases because they are so similar. However, the <u>Piro</u> Plaintiffs oppose the motion to stay because there is no need for it here. Every day, class actions are filed around the country alleging similar claims.  Courts deal with those similar actions by consolidating or coordinating the cases, especially where – as here – the

cases are in the same district and before the same judge. Usually after the cases are consolidated, the parties either agree to an organizational structure for plaintiffs' counsel or the Court selects lead counsel. But courts almost never stay later-filed litigation within the same district unless there are exceptional circumstances. Instead, the Courts typically enter a consolidation order like the one that the <u>Piro</u> Plaintiffs have proposed which consolidates later-filed, similar cases into the main action. That is what the <u>Piro</u> Plaintiffs seek here.

The <u>George</u> Plaintiffs have failed to show that they are entitled to the extraordinary relief of a stay. The cases here are all filed in one district and before the same judge. The law has never been that the first-filed case proceeds and all others are stayed. If that were the law, there would be a mad dash to the courthouse as plaintiffs' lawyers sought to secure their spot as lead counsel by rushing to file the first lawsuit. Instead, courts take a more reasoned approach similar to what the <u>Piro</u> Plaintiffs are proposing in their motion to consolidate.

Accordingly, the <u>Piro</u> Plaintiffs respectfully request that the Court consolidate these actions and deny the motion by the <u>George</u> Plaintiffs to stay the <u>Piro</u> case.

## I.      PLAINTIFFS DO NOT OBJECT TO THE MOTION TO INTERVENE

Intervenors have moved to appear in this case for the purposes of seeking a stay. Because plaintiffs Piro and Baldi agree that the Kraft Pension Plan litigation should be consolidated, plaintiffs do not object to Intervenors' motion to intervene. In fact, Piro and Baldi have contemporaneously moved to consolidate the Kraft Pension Plan cases and appoint interim co-lead counsel so that the cases may be litigated in an efficient manner.

## II.     INTERVENORS' MOTION TO STAY SHOULD BE DENIED

### A.      It Is Premature To Rule An Intervenors' Motion To Stay

Attached as an exhibit to their Motion to Intervene is Intervenors' Proposed Motion to Stay. Courts have determined that similar motions to stay by the same counsel in other ERISA

cases were improper.  As the Southern District of Illinois explained, "because these do not already appear on the docket, they cannot be deemed filed *instanter*."  Scharringhausen v. Solutia Inc., No. 06-CV-99, 2006 U.S. Dist. LEXIS 18065, *2 (S.D. Ill. Apr. 10, 2006); Hammond v. Solutia Inc., No. 06-CV-139, 2006 U.S. Dist. LEXIS 18064, *2-3 (S.D. Ill. Apr. 10, 2006).  Although the Court may grant permission to file Intervenors' Proposed Motion to Stay, it would be improper to rule on Intervenors' Proposed Motion to Stay at this juncture because Intervenors have not actually filed the motion.

> **B.**    **Intervenors Fail To Meet Their Substantial Burden
> On Their Motion For A Stay**

If the Court were to decide the motion to stay, the Court should deny that motion because the Movants have failed to establish that they are entitled to this exceptional relief.

The decision to stay a proceeding lies within the discretion of the Court.  Landis v. North American Co., 299 U.S. 248, 254 (1936).  In exercising this discretion, a court "must weigh competing interests and maintain an even balance," (id.,) taking into account those of the plaintiff, the defendant, non-parties or the public, and even itself.  See, e.g., Terkel v. AT&T, Inc., Nos. 06 C 2837, 06 C 2680, 2006 U.S. Dist. LEXIS 42906, *4 (N.D. Ill. June 9, 2006); Cadillac Ins. Co. v. American Nat'l Bank, Nos. 89-C-3267, 91-C-1188, 1992 U.S. Dist. LEXIS 2815, *21-23 (N.D. Ill. Mar. 12, 1992); Koulouris v. Builders Fence Co., 146 F.R.D. 193, 194 (W.D. Wash. 1991) (citing Golden Quality Ice Cream Co. v. Deerfield Specialty Papers, Inc., 87 F.R.D. 53, 56 (E.D. Penn. 1980); McDonald v. Piedmont Aviation, Inc., 625 F. Supp. 762, 767 (S.D.N.Y. 1986).  However, the burden on this motion is very heavy:

> the suppliant for a stay must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else.

<u>Landis</u>, 299 U.S. at 255.  In other words, a movant must "make a strong showing" that a stay is necessary and that "the disadvantageous effect on others would be clearly outweighed." <u>Commodity Futures Trading Comm'n v. Chilcott Portfolio Management, Inc.</u>, 713 F.2d 1477, 1484 (10th Cir. 1983).  Such an injury "must be both certain and great," and must not be "merely serious or substantial." <u>Prairie Band of Porawatomi Indians v. Pierce</u>, 253 F.3d 1234, 1250 (10th Cir. 2001) (quoting <u>A.O. Smith Corp. v. FTC</u>, 530 F.2d 515, 525 (3rd Cir. 1976)).  <u>See also</u> <u>Radio Corp. of America v. Igoe</u>, 217 F.2d 218 (7th Cir. 1954) ("Only in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both.").  **Thus a stay should be granted only under exceptional circumstances**. <u>Landis</u>, 299 U.S. at 255.

Such exceptional circumstances do not exist here and Movants have utterly failed to identify or argue harm from permitting plaintiffs' lawsuit to move forward.  <u>See</u> <u>McWhorter v. Elsea, Inc.</u>, No. 00-cv-473, 2007 U.S. Dist. LEXIS 8538, *5 (S.D. Ohio Feb. 6, 2007) (denying motion for stay partly because the court determined that movant will not be irreparably harmed if the stay is denied).[2]

---

[2] Examples of the exceptional circumstances warranting the exercise of a discretionary stay can be seen in <u>Stoller v. Baldwin-United Corp.</u>, 41 Bankr. 884 (S.D. Ohio 1984) where the court stayed a securities fraud case against a debtor's solvent directors.  The court there was faced with the "largest bankruptcy case in American history" and stayed the proceedings because the claims against the solvent and insolvent co-defendants were inextricably interwoven and because the defendants were actively involved in the reorganization proceedings.  However, the stay was limited to six months in order for the court to clear a congested docket while the interlocking claims were being resolved.  Other courts which have stayed litigation have done so only when there are proceedings involving the same parties before different district courts or different judicial branches.  <u>See e.g.</u>, <u>Wireless Spectrum Techs., Inc. v. Motorola Corp.</u>, No. 00-C-0905, 2001 U.S. Dist. LEXIS 239, *5 (N.D. Ill. Jan. 10, 2001) (explaining that the risk of inconsistent judgment was an important factor in the court finding a stay appropriate where the parties were litigating the exact same issues in the district court and in the Patent & Trademark office); <u>Heuft Systemtechnik, GmbH v. Videojet Systems Int'l, Inc.</u>, No. 93-C-0935, 1993 U.S. Dist. LEXIS 6014, *7-9 (N.D. Ill. May 6, 1993) (finding a stay appropriate where the parties were already

This case is no different from the hundreds of other class actions filed each year in which more than one case typically is filed in one district and the cases are coordinated or consolidated before a single judge.[3]  In fact, that is what the Piro Plaintiffs have sought to do here by contemporaneously filing a motion to consolidate these two similar ERISA cases and to appoint co-lead counsel to prosecute on behalf of the class.  Instead of agreeing to consolidate the cases, Intervenors seek the exceptional and unwarranted relief of staying the Piro case and in effect obtain a *de facto* lead plaintiff position for themselves.  The only argument that Intervenors can muster is that the Piro case is duplicative and therefore should be stayed.  But this isn't the rule.[4] If it were, it would encourage plaintiffs' lawyers throughout the country to rush the courthouse so that they could be the first-to-file and then stay all other similar cases.

In support of their motion, the George Plaintiffs cite to various distinguishable cases.  In Central States, Southeast & Southwest Areas Pension Fund v. Paramount Liquor Co., 203 F.3d

---

participating for over four years in an identical case in a foreign jurisdiction that would determine rights at issue); Allied Van Lines, Inc. v. Orth Van and Storage, Inc., 2005 U.S. Dist. LEXIS 13616, 04 C 6004, 2005 WL 1563111, at *3 (N.D. Ill. June 3, 2005) (granting a stay of litigation in favor of an arbitration proceeding involving the same issues and parties where the movant showed severe hardship in having to defend both the litigation and the arbitration, and the court found no harm to the plaintiff from a stay).

[3]  Tellingly, Intervenors cite to the case of Millman v. Brinkly, Nos. 1:03-CV-3831, 1:03-CV-3832, 1:03-CV-0058, 2004 U.S. Dist. LEXIS 20113, 2004 WL 2284505, *3 (N.D. Ga. Oct. 1, 2004), in which the court consolidated the class actions, including subsequently filed complaints, because consolidation "avoid[s] needless duplication of time, effort and expense on the part of the parties and the Court in discovery and at trial." Id. at *2. Additionally, the court in Millman appointed a leadership structure of class counsel under a Rule 23 inquiry in order to "channel[] the efforts of counsel along constructive lines." Id. at *2 (citing and quoting Rich v. Reisini, 25 A.D.2d 32, 34 (N.Y. App. Div. 1966)).

[4]  Intervenors cite to Berry v. Illinois Dep't of Human Resources, No. 00-CV-5538, 2001 U.S. Dist. LEXIS 1041, 2001 WL 111035, at *19 (N.D. Ill. Feb. 2, 2001), which explained, without ruling on the issue, that even in a situation of duplicative lawsuits, "there is no 'first filed doctrine' requiring that the later-filed case be dismissed." Id. (citing and quoting Central States, Southeast & Southwest Areas Pension Fund v. Paramount Liquor Co., 203 F.3d 442, 444 (7th Cir. 2000)).

442 (7th Cir. 2000), for instance, both parties to an arbitration filed lawsuits seeking judicial review of liability following the issuance of an arbitration award.  Both cases dealt with the same claims and identical parties, thus if one case was not stayed the parties risked inconsistent judgments.  That is a far different situation than here where both cases are pending in the same district, before the same judge, and there is a motion to consolidate pending.  In <u>Serlin v. Arthur Andersen & Co.</u>, 3 F.3d 221 (7th Cir. 1993), the court dismissed the complaint because it was a duplicate complaint submitted <u>by the same plaintiff</u>.  In this case, different plaintiffs brought similar claims which should be consolidated just as almost all federal class actions are consolidated.  Although the <u>George</u> Plaintiffs suggest that a decision on a motion to stay is clear-cut, the Seventh Circuit has instructed, "there is no hard and fast rule on when parallel litigation should be stayed in the interest of judicial economy."  <u>Prof'l Serv. Network, Inc. v. Am. Alliance Holding Co.</u>, 238 F.3d 897, 902 (7th Cir. 2001).

**C.  <u>The Court Should Deny Intervenors' Motion To Stay And Address Issues Of Class Counsel On Plaintiff's Contemporaneous Motion to Consolidate</u>**

As explained in the <u>Piro</u> Plaintiffs' Memorandum in Support for Consolidation and Appointment of Co-Lead Class Counsel, consolidation and appointment of co-lead class counsel is appropriate here and will allow counsel to prosecute the claims for the Class.  Therefore, at this preliminary juncture in both cases, what is best for the proposed class is to have the cases consolidated and an order entered appointing interim co-lead counsel so that the parties may move past the squabbling between plaintiffs' attorneys, proceed to the merits of the case and maximize the experience of the class action attorneys appearing in the case.  <u>See, e.g.</u>, <u>Hill v. Tribune Co.</u>, No. 05-C-2602, 2005 U.S. Dist. LEXIS 23931 (N.D. Ill. Oct. 13, 2005) (appointing interim class counsel based on the standard of which attorney can fairly and adequately represent the interests of the class, not just the named or lead plaintiff).

There simply is no provision in Rule 23 that instructs the Court to appoint counsel in the first filed case.  In these cases, with multiple plaintiffs vying for lead plaintiff status, the Court should appoint co-lead counsel and direct them to cooperate in prosecuting these claims.

## CONCLUSION

In ERISA cases like this, the law never has been that the first lawyer to file a lawsuit is lead counsel and gets to stay all other cases.  If that were the law, lawyers would rush to the courthouse to secure their role as lead counsel.  But that is what the <u>George</u> Plaintiffs are hoping to do here.  The Court should deny the motion by the <u>George</u> Plaintiffs and instead enter the consolidation order proposed by the <u>Piro</u> Plaintiffs which will lead to an orderly and efficient way of proceeding with the case.

Dated: June 4, 2007

GEORGE PIRO and SANDRA BALDI,
Individually and On Behalf of All Others
Similarly Situated,

By:  s/Andrae P. Reneau
     Kenneth A. Wexler
     Edward A. Wallace
     Andrae P. Reneau
     Wexler Toriseva Wallace LLP
     One N. LaSalle Street, Suite 2000
     Chicago, IL  60602
     Tel:  (312) 346-2222
     Fax:  (312) 346-0022

     Stephen J. Fearon, Jr.
     Squitieri & Fearon, LLP
     32 E. 57th Street, 12th Floor
     New York, NY  10022
     Tel:  (212) 421-6492

Thomas J. McKenna
Gainey & Mckenna
295 Madison Avenue, 4th Floor
New York, NY  10017
Tel:  (212) 983-1300

***Attorneys for Plaintiffs***

## CERTIFICATE OF SERVICE

I, Andrae P. Reneau, hereby certify that I am one of plaintiffs' attorneys and I caused copies of the foregoing **Plaintiffs Piro and Baldi's Consolidated Response to Proposed Intervenors' Motion to Intervene and Motion to Stay** to be served on:

> Ronald J. Kramer
> Ian H. Morrison
> Kelly A. Powis
> SEYFARTH SHAW LLP
> 131 S. Dearborn Street, Suite 2400
> Chicago, IL  60603
> Telephone:  (312) 460-5000
> Facsimile:  (312) 460-7000
>
> ***Counsel for Defendants Kraft Foods Global, Inc., Kraft Foods Global, Inc. Administrative Committee, Benefits Investment Committee, Jim Dollive, Karen May, Marc Firestone and Pamela King***

via the Court's Electronic Filing System, and

> Jerome J. Schlicter
> Elizabeth J. Hubertz, Esq.
> SCHLICHTER, BOGARD & DENTON
> 100 South Fourth Street, Suite 900
> St. Louis, MO 63102
> Fax: 314-621-7151
>
> ***Counsel for Plaintiffs Gerald George, Cathy Dunn, Jeanette Burghy, Timothy Streff and Andrew Swanson, individually and as representatives of a class of similarly situated persons, in N.D. Ill. Case No. 07-cv-1713***

via facsimile and U.S. Mail , with proper postage prepaid, this 4th day of June, 2007.


 /s/ Andrae P. Reneau