# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Sidney I. Schenkier | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 1954 | **DATE** | 6/5/2007 |
| **CASE TITLE** | Piro, et al. vs. Kraft Foods Global | | |

**DOCKET ENTRY TEXT**

MOTION HEARING HELD. For the reasons stated on the record: (1) the *George* plaintiffs' motion to stay proceedings in *Piro v. Kraft Foods Global, Inc., et al.,* 07 C 1954 (doc. # 63) is DENIED; (2) the *Piro* plaintiffs' motion to consolidate the *Piro* and *George* cases and for appointment of co-lead counsel (doc. # 18) is GRANTED in part and DENIED in part, as summarized below; and (3) pursuant to Fed. R. Civ. P. 23(g)(2), the Court appoints Jerome J. Schlichter, Elizabeth J. Hubertz and the law firm of Schlichter, Bogard & Denton as interim lead counsel for the putative class in the consolidated *George* and *Piro* cases. Separate dockets shall continue to be maintained for each of the individual actions, and all filings shall be entered on the docket of each of the individual actions. The Court orders that discovery be bifurcated, with only class discovery to proceed at the present time. Class discovery is to be completed by 08/06/07. The matter is set for a status conference on 08/14/07 at 9:00 a.m.; the status conference previously set for 06/21/07 is STRICKEN.

■[ For further details see text below.]　　　　　　　　　　　　　　　　　　　Docketing to mail notices.

00:20

**STATEMENT**

The dueling motions that the *George* and *Piro* plaintiffs have filed for stay and for consolidation/appointment of co-lead counsel reflect their dispute about who should be at the helm of these ERISA lawsuits for the plaintiffs. However, what all plaintiffs (as well as the defendants) agree upon is the proposition that these lawsuits should be managed in a way to avoid unnecessary duplication of effort by all parties – and the Court. For the reasons stated on the record, we conclude that this salutary goal can be best achieved by consolidating the cases. The two complaints name the same defendants (while *Piro* names 10 Doe defendants, they add nothing to the allegations) the complaints allege the same causes of action; and the complaints seek the same remedies. The class asserted in *Piro* is subsumed within, and is not inconsistent with, the class asserted in *George*. Moreover, while *George* was filed nearly six months before *Piro*, discovery has not substantially proceeded yet in *George*. Thus, consolidation will not delay the ultimate disposition of the *George* case. By contrast, a stay of the *Piro* case pending a decision on class certification (which counsel in *George* propose) could lead to duplicative proceedings: if class certification were denied in *George*, for example, the *Piro* plaintiffs then would be free to seek class certification in their separate suit.

For these reasons, we agree with the *Piro* plaintiffs that consolidation is appropriate under Fed. R. Civ. P. 42(a). We therefore order that the *George* and *Piro* cases be consolidated. However, at least pending the Court's ruling on class certification, separate dockets shall continue to be maintained for each of the individual actions, and all filings shall be entered on the docket of each of the individual actions.

**STATEMENT**

We part company with the *Piro* plaintiffs when they suggest that their attorneys should act as interim co-lead counsel for the putative class with the attorneys in the *George* case. The submissions by counsel for the *George* plaintiffs amply demonstrate that they more than meet the requirements imposed by Fed. R. Civ. P. 23(g)(1) to qualify for class counsel: they can fairly and adequately represent the class; they are knowledgeable and experienced in complex litigation; they have devoted substantial resources to investigating and identifying the claims asserted in this action; and they have the resources to vigorously represent the putative class. Indeed, counsel for the *Piro* plaintiffs tacitly acknowledged the quality of the work by the *George* counsel by liberally borrowing from the *George* complaint when drafting their own. And, counsel for *Piro* candidly acknowledged in open court that counsel for the *George* plaintiffs were up to the task of litigating this case, and that he had no criticism of what *George* counsel has done in litigating the case thus far.

Counsel for *Piro* has not identified any need for addition lead counsel, or any value that they would add as co-lead counsel. Rather, it appears that counsel for *Piro* seeks to be co-lead counsel to make sure, as *Piro* counsel put it, that they are not "cut out" of the case. We find that this is an insufficient basis to impose a co-lead counsel relationship upon the *George* and *Piro* counsel that does not advance the interests of the putative class; that *George* counsel does not want; and that we envision would lead to needless dispute and increased costs.

Thus, we deny the motion by *Piro* counsel to be named co-lead counsel with *George* counsel for the putative class in the consolidated actions. Pursuant to Rule 23(g)(2), we appoint Jerome J. Schlichter, Elizabeth J. Hubertz and the law firm of Schlichter, Bogard & Denton as interim lead counsel for the putative class in the consolidated *George* and *Piro* cases. Of course, as all parties recognize, *Piro* counsel remain counsel of record for the two named plaintiffs in the *Piro* case, and will have the right to attend and participate in any depositions that might be taken. *Piro* counsel also may suggest courses of action to interim lead counsel. However, interim lead counsel will have the sole responsibility for all discovery, motion practice, settlement and strategy decisions in pursuit of the consolidated cases.